United States District Court
Southern District of Texas
**ENTERED**
January 14, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT     SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| Nicholas David Mosquera,<br> Petitioner,<br><br>v.<br><br>Rand Henderson,<br>Sheriff, Montgomery County, Texas,<br> Respondent. | Civil Action H-21-4201 |

# Report and Recommendation

Nicholas David Mosquera is a pretrial detainee in Montgomery County Jail custody. Mosquera filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, claiming that his arrest on November 13, 2020, violated his constitutional rights. (D.E. 1 at 6-7.) Mosquera moves to proceed *in forma pauperis*. (D.E. 2.) The court recommends that the petition be denied without prejudice as unexhausted.

## 1. Background

Mosquera is in custody pursuant to several charges, including unlawfully possessing a firearm by a felon; evading arrest using a motor vehicle; harassing a public servant; and assaulting a public servant. Mosquera challenges the legality of his arrest and detention regarding his pending charges for possession of a firearm by a felon (case no. 20-11-14062) and evading arrest using a motor vehicle (case no. 20-11-14063).[1] (D.E. 1 at 2.)

According to Mosquera's habeas petition, Officer T. Sutton of the Conroe, Texas, Police Department illegally searched and arrested him on November 13, 2020. (D.E. 1 at 6.) Mosquera claims that the search and arrest violated his Fourth, Fifth, Tenth, and Fourteenth Amendment rights.

---

[1] Mosquera filed a second § 2241 petition with similar claims on December 24, 2021. *See Mosquera v. Henderson*, Civil Action No. 4:22-cv-0049, D.E. 1.

Mosquera offers no factual allegations about the alleged illegal search or arrest. Mosquera requests his release from the Montgomery County Jail and that the 359th District Court dismiss the charges against him.

Public records show that on November 16, 2020, the Montgomery County District Attorney's Office filed an information in the 359th District Court, located in Montgomery County, Texas, against Mosquera for charges of unlawful possession of a weapon by a felon and evading arrest through use of a motor vehicle. A grand jury formally indicted Mosquera on these charges on January 26, 2021. Criminal proceedings are ongoing, and the trial in state trial court is set to begin on January 24, 2022.

### 2.   *Standard of Review*

Because Mosquera is a pretrial detainee, his petition is governed by 28 U.S.C. § 2241. *See Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998) (citations omitted). Section 2241 authorizes a federal writ of habeas corpus where a prisoner can show that he is "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). A state pretrial detainee may seek a federal writ of habeas corpus under § 2241 only if the following two prerequisites are met: (1) the petitioner must be in custody for purposes of § 2241(c); and (2) the petitioner must have exhausted available state remedies. *See Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 489 (1973); *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987). Mosquera is in custody for the purposes of § 2241(c) but he has not exhausted his claims.

### 3.   *Mosquera has not Exhausted his Claims*

A Texas prisoner in custody on pending felony charges may file an application for a writ of habeas corpus pursuant to Article 11.08 of the Texas Code of Criminal Procedure with the judge of the court in which he is charged. *See* Tex. Code Crim. P. § 11.08. If the trial court denies relief under Article 11.08, the defendant may file a direct appeal to the intermediate appellate court and then may petition for discretionary review by the Texas Court of Criminal Appeals. *See, e.g., Ex parte Twyman*, 716 S.W.2d 951, 952 (Tex. Crim. App. 1986) (citing *Ex parte Payne*, 618 S.W.2d 380, 382 n. 5 (Tex. Crim. App. 1981) (citations omitted)).

Mosquera says that he filed a state application for a writ of habeas corpus with the trial court but that the trial court has not yet ruled on the motion. (D.E. 1 at 2.) Mosquera does not indicate that he sought further state review on any state application filed with the trial court. *Id.* at 2-3. It does not appear that Mosquera has exhausted his state remedies. In fact, the court's review of public records does not show that Mosquera even filed a state application under § 11.08.

4. *Conclusion*

The court recommends that Mosquera's petition for writ of habeas corpus be dismissed without prejudice because it is unexhausted. Mosquera's motion for leave to proceed *in forma pauperis* is granted.

The parties have fourteen days from service of this report and recommendation to file written objections. *See* Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed January 14, 2022, at Houston, Texas.

Peter Bray
United States Magistrate Judge